C. W. Johns et al., by Next Friend, *v.* Joseph E. Smith.

1. Chancery Jurisdiction. *Infants. Taxes. Redemption of land. Sale of part.*

C. W. J., and other infant children of C. J. and wife, are the beneficiaries in a deed of trust conveying in trust to their mother fifteen hundred acres of land. Prior to the passage of the Revenue Act of 1876, the land was sold to the State for taxes. In 1877, S. purchased the land from the State, took possession of it, and agreed with C. J. and wife that they might repurchase fourteen hundred acres thereof by paying him $1,500 by the 26th of December, 1879, and that he would credit the rent of the land for 1878 and 1879 in the $1,500 to be paid by them. On the 10th of August, 1878, the said minors, by their next friend,— they having no guardian,— filed a bill in chancery against their parents and S., stating that the rents of the land for 1878 and 1879 would not be sufficient to pay the $1,500; that their parents were unable to pay the same; and that complainants are entitled to redeem under the statute, or repurchase under the contract, but that they will be unable to do either, except by a sale of a portion of the land, and praying for a decree directing a sale of so much thereof as may be necessary to redeem the whole tract or to fulfil the contract of repurchase. *Held*, that complainants are entitled to redeem the land at any time before the expiration of one year after attaining majority, or to repurchase fourteen hundred acres thereof under the contract of their parents with S.; that, upon proof of the inability of complainants to redeem or repurchase the land without a sale of a part thereof, the chancellor should select for them the most advantageous course,— to redeem, or to repurchase, — and then order a sale of so much of the land as may be necessary for that purpose; and that if it be elected for the complainants to repurchase, and there is not sufficient time for compliance with the contract, it should be extended by the court, as the lack of time will have been occasioned by S.

2. Same. *Jurisdiction. Infant without guardian. Property protected.*

The control of infants and their property constituted one of the original subjects of the jurisdiction of the Chancery Court. And by the Constitution of this State, "full jurisdiction" is conferred on our Chancery Court "in all matters of minors' business." This jurisdiction is protective, and must be exercised whenever non-action would result in the loss or destruction of the infant's estate. And if the infant have no guardian, the court must act without a guardian, where the act required to be done for the protection of the infant's interest is such that it can be performed by the aid of a master or commissioner of the court.

Appeal from the Chancery Court of Hinds County.

Hon. E. G. Peyton, Chancellor.

A statement of the case will be found in the opinion of the court.

*T. J. & F. A. R. Wharton,* for the appellants.

1. That the control of infants and their property constituted one of the original subjects of equity jurisdiction, has been fully recognized in this State. *Bacon* v. *Gray,* 23 Miss. 140. See also 2 Story's Eq. Jur., sects. 1334, 1357. Under sect. 1220 of the Code of 1871, the Chancery Court is authorized to order the sale of such portion of a ward's land, upon the application of the guardian, as may be necessary to the maintenance and education of the ward, or as may be advantageous to his interests. There can be no good reason why such court should not extend the like protection to the rights and interests of infants who have no legal guardian or trustee. A court of equity is not restricted, in the exercise of its protective jurisdiction for infants, to applications by guardians or trustees. *Bull* v. *Dagenhard,* 55 Miss. 605.

2. It is not a sufficient ground of demurrer that the complainants will be entitled to redeem the land after they arrive at the age of majority, when it is admitted by the demurrer that they will be wholly without the means to make the redemption, and that in the meantime they will be without any means of support.

3. A person, as the next friend of an infant, may sue for the benefit of the latter, as could a guardian or trustee, and without the previous permission of the court. Code 1871, sect. 669; *Klaus* v. *The State,* 54 Miss. 654; *Bull* v. *Dagenhard,* 55 Miss. 602.

*E. E. Baldwin,* for the appellee.

1. The provisions of the Code of 1871 in relation to the public revenue, when construed together, give a limited time to "redeem" lands sold for taxes, and after the period allowed has elapsed, make the title of the purchaser absolute if no redemption has been made. It is evident that the words "redeem" and "redemption" are not used in their technical sense, but in their popular one, and that the law only intends to give the owner the right to *repurchase* the land; for if there was a technical right of redemption, the deed could never be an absolute one.

2. The complainants have no technical right of redemption, but only a right to repurchase. They have no right to come into a court of equity and have a part of the land sold for the purpose of paying off the taxes on the whole. The land is not under a technical mortgage, but is held upon a conditional sale, with all the incidents thereof. The law having given the complainants, as minors, the right of repurchasing the land until they, respectively, become twenty-two years of age, it is vested and absolute. But it is proposed, by a proceeding other than that provided by law, to raise a fund to pay the taxes on the lands of complainants, and, in doing so, to divest them of their right to repurchase, which the law has given them until they are twenty-two years of age.

GEORGE, C. J., delivered the opinion of the court.

The appellants are infants, and the children of two of the defendants in the court below, — C. Johns and wife; and they are entitled to about one thousand five hundred acres of land, under a deed made by their grandfather to their mother, in trust for them.

In 1875, and in March, 1876, prior to the passage of the revenue law of the last-named year, these lands were sold to the State, for the taxes due thereon. In 1877, the appellee, Smith, became the owner of the title of the State to these lands; and in December of that year, he entered into an agreement with C. Johns and wife, by which Johns and wife were allowed to repurchase fourteen hundred acres of said land, provided the sum of $1,500 was paid to him by December 26, 1879. Smith also agreed that he would let their lands for an annual rent, for the years 1878 and 1879, and that he would account for so much of the rent as might be collected by him, as a part of the said sum of $1,500. At the same time, Johns and wife signed an agreement acknowledging that Smith was in possession of the lands, and releasing all their interest in said lands to him.

In pursuance of these agreements, Smith entered into possession of the lands.

On the eighteenth day of August, 1878, the appellants, by their next friend, filed their bill against said Smith and their father and mother, said C. Johns and wife, in which the foregoing facts were set out; and, further, that they were entitled to redeem said lands at any time before the expiration of one year after they should attain their majority.

The bill further alleges, that the lands had been let by said Smith at so low a rent that the amount to be realized therefrom would be insufficient to pay the said sum of $1,500, necessary to repurchase the lands included in said assessment; that Johns and wife were unable to raise the necessary money; that appellants have no other property except their interest in said lands; and they are now, and will remain, unable to redeem the same, except by a sale of a portion thereof.

The object of the bill was to procure a decree directing a sale of so much of the land as might be necessary to redeem the whole tract, or to comply with the contract of repurchase made by Johns and wife, and Smith. The appellee, Smith, demurred to the bill upon these, among other, grounds: that there is no equity on the face of the bill, and that it is not within the power of the court to grant the relief sought. The chancellor sustained the demurrer and dismissed the bill, and the complainants appealed.

The facts stated in the bill present a strong claim for the interposition of a court of equity. Under the statutes as they existed at the time the sale for taxes was made, the appellants were entitled to redeem their land at any time before the expiration of one year after they attained their majority. In the meantime, — that is, during the period intervening the lapse of two years from the date of the sale and the time they should redeem, or validly offer to redeem, — they were not entitled to any rents and profits of the land, and were liable, when they came to redeem, for any valuable improvements made on the land by the purchaser. They were without any other property, and were consequently unable, as they allege, to redeem, except through the means to be derived from the land. As the case stood at

the filing of the bill, they could derive nothing from the land, in the way of rents, and necessarily a resort must be had to a sale of a portion of it in order to save the remainder. If they had been adults, they could have sold the land, or any portion of it, during the time they were allowed to redeem, and applied the proceeds to that purpose. Being incapable, from their infancy, of making a sale, and having no guardian who could make application to the court for a sale, it must result that they could apply themselves, through their next friend; or we must conclude, that, being entitled to a valuable estate, they are compelled, by some inexorable rule of law, to suffer in want and poverty, and allow the whole of their estate, by lapse of time, to be lost to them forever, from an incapacity on the part of any court to permit their parting with their claim to a portion of it as a necessary means of saving the remainder. The control of infants and their property constituted one of the original subjects of the jurisdiction of the Chancery Court. *Bacon* v. *Gray*, 23 Miss. 140 ; 2 Story's Eq. Jur., sect. 1327 *et seq.* By the Constitution of this State, " full jurisdiction " is conferred on the Chancery Court " in all matters of minors' business." This jurisdiction is protective. 'It must be brought into activity and life whenever non-action would result in the loss or destruction of the infant's estate. If there be no guardian, the court must act without a guardian in all cases where the act required to done is such that it can be performed with fidelity and proper care by the ordinary machinery of the court. No one may be willing to qualify as guardian. The court has no power to enforce the acceptance of that trust by any one ; but it has masters and commissioners, amenable to it, and when the act to be done for the protection of the infants can be done by one of these officers, the court cannot refuse to act for the reason alone that there is no guardian. The acts required to be done here are such as are ordinarily performed by a master in chancery, — a sale of land, and a payment of the proceeds to the party entitled to it.

The complainants are entitled to the benefit of the contract

for a repurchase made by their father and mother with Smith, if they comply with it. They filed their bill in August, 1878, in ample time, by the regular proceedings of the court, to have obtained a decree and consummated a sale of the land, by which the money could have been paid to Smith on the day stipulated in the contract of repurchase. If time sufficient for these purposes shall not now remain, it will be the result solely of the obstructive proceedings of Smith in resisting the just claim set up in the bill. Should the chancellor, therefore, find that it is impossible, or reasonably inconvenient, to consummate the sale and payment on the day agreed on, he should enlarge the time, so as to give the complainants the opportunity to repurchase, if that course will be most beneficial to them.

The decree is reversed and the cause remanded, with directions to the chancellor, first, to require satisfactory proof of the inability of the complainants to redeem or repurchase without a sale of a part of the land, and then to cause an inquiry to be made as to which is the most beneficial to the infants, — to allow them to redeem under the statute, or to repurchase under the contract with Smith; and he will elect for them which course to take. As to the one hundred and twenty acres not embraced in the contract of repurchase, the complainants, of course, are only entitled to redeem under the provisions of the statute. In case the chancellor elect that the contract of repurchase is most beneficial to the infants, an account of the rents will be ordered for the years 1878 and 1879, and Smith will be charged with all the rents which he has received, or might have received by the use of reasonable diligence, and he will be credited with his necessary expenses in letting the land and collecting the rents. A sale of so much of the land will be ordered as may be necessary to secure the rights of the complainants, under the views expressed in this opinion.